IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENTONS US LLP,**<br>1900 K Street NW<br>Washington, DC 20006<br><br>            Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br>200 Independence Ave., SW<br>Washington, DC 20201,<br><br>and<br><br>**CENTERS FOR MEDICARE AND MEDICAID SERVICES**<br>7500 Security Boulevard<br>Baltimore, Maryland 21244-1850,<br><br>            Defendants. | Case No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  Plaintiff Dentons US LLP ("Plaintiff") seeks declaratory and injunctive relief to remedy a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by Defendant United States Department of Health and Human Services ("HHS") and Defendant Centers for Medicare and Medicaid Services ("CMS") (collectively, "Defendants"). Defendants violated FOIA when they failed to provide a final determination of whether Defendants intended to comply with Plaintiff's FOIA Request by June 17, 2024 (the statutory deadline under FOIA), produce documents, or otherwise perform in accordance with its obligations under FOIA, as applied by this Court in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) ("*CREW*").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. §§ 1361, 2201(a), and 2202.

2. This Court has personal jurisdiction over Defendants under 28 U.S.C. § 1331.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

4. Plaintiff is a law firm, organized as a Delaware limited liability partnership, with an office located at 1900 K Street NW, Washington, DC 20006. Plaintiff submitted a FOIA request pursuant to its representation of a client and likewise brings this suit to further that representation.

5. Defendant HHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and has possession, custody, and control of records responsive to Plaintiff's FOIA request because CMS is a subordinate part of HHS. HHS's headquarters is located in the District of Columbia. This suit seeks relief against HHS for acts and omissions of CMS.

6. Defendant CMS is within and a part of HHS. It is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), with its headquarters and principal place of business located at 7500 Security Boulevard, Baltimore, MD 21244. Its governmental activities occur in the District of Columbia and nationwide. CMS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## BACKGROUND

7. FOIA "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Just.*, 153 F.Supp.3d 254, 256 (D.D.C. 2016).

8. In the spirit of promoting transparency and accountability, FOIA requires the government to:

> Determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such a request of –

> i. Such determination and the reasons therefor;
>
> ii. The right of such person to seek assistance from the FOIA Public Liaison of the agency; and
>
> iii. In the case of an adverse determination –
> (aa) the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and
> (bb) the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services

5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *CREW,* 711 F.3d at 188.

9. The timeline for such a response may be "tolled" for an additional period of up to 20 days if the agency makes a clarification request to the requester; the toll applies while the agency waits for a response to its clarification request. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

10. FOIA gives the agency an additional 10 days to respond if an agency affirmatively claims that "unusual circumstances" exist with respect to the request. 5 U.S.C. § 552(a)(6)(B).

11. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester has exhausted its administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 184.

12. Plaintiff brings this claim against Defendants because Defendants have missed the statutory deadline for providing a final determination of whether Defendants intend to comply with the FOIA Request.[1] Pursuant to 5 U.S.C. § 552(a)(6), Defendants had until June 17, 2024—

---

[1] To the extent Defendants intend to comply with the FOIA Request, they were also required to communicate by June 17, 2024 "the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" and any production was required to be "prompt," which the D.C. Court of Appeals has held "typically would mean within days or within a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 185 & 188-89. To the extent Defendants intend to make an adverse determination, Defendants are required to provide written notice of Plaintiff's right to appeal or seek dispute resolution services. 5 U.S.C. § 552(a)(6)(A)(i)(III). Defendants have done neither.

3

50 business days (excepting Saturdays, Sundays, and legal public holidays) from the date of Plaintiff's April 8, 2024 FOIA Request—to provide a response, and Defendants deadline to provide the required final determination has passed.

13. Plaintiff has standing to bring this claim pursuant to 5 U.S.C. § 552(a)(6)(C)(i) because Plaintiff is statutorily "deemed to have exhausted [its] administrative remedies" with respect to the FOIA Request where Defendants have "fail[ed] to comply with the applicable time limit provisions" of 5 U.S.C. § 552(a)(6). *See CREW*, 711 F.3d at 184 ("if an agency fails to make and communicate its 'determination' whether to comply with a FOIA request within certain statutory timelines, the requester 'shall be deemed to have exhausted his administrative remedies'").

14. On April 8, 2024, Plaintiff (on behalf of a law firm client) submitted the FOIA Request, to which CMS initially responded and assigned FOIA Control Number 041020247003 (the "FOIA Request"), attached hereto as **Exhibit A**.

15. Plaintiff requested agency-related written communications between CMS and officials within the Arizona Health Care Cost Containment System ("AHCCCS") and the Arizona Governor's office related to:

   (i)   Arizona's Medicaid Graduate Medical Education ("GME") program and its Medicaid Disproportionate Share Hospital ("DSH") program,
   (ii)  the non-federal share financing of the GME and DSH programs, and
   (iii) requests for clarifications of certain sub-regulatory guidance released by CMS.

*See* Ex. A at 1-2. Plaintiff also requested "copies of CMS Form 64.11 and Form 64.11A submitted to CMS as part of Arizona's Medicaid Quarterly Statement of Expenditures." *See* Ex. A at 1, No. 4. Although FOIA authorizes agencies to withhold information when they reasonably foresee that disclosure would harm an interest protected by nine enumerated exemptions, the exemptions are largely inapplicable here and thus Defendants' production is required. 5 U.S.C. § 552(b).

16. On April 15, 2024, CMS responded by letter which sought "clarification regarding

the subject matter of [the] FOIA request" and requested that Plaintiff "provide the CMS employees who may be custodians of the requested communications," and informed Plaintiff that they had placed the request in "tolled" status (the "Clarification Letter"), attached hereto as **Exhibit B**.

17. One week later, on April 22, 2024, Plaintiff responded to the Clarification Letter and provided "additional information related to the divisions and groups who would reasonably have custody of the records specifically described" in the FOIA Request (the "Clarification Response"), attached hereto as **Exhibit C**. Plaintiff stated that it cannot possibly "know the full extent of the CMS employees who may be in custody of relevant and responsive agency-related business records for the time period requested," but "can provide additional information related to the divisions and groups within CMS and the titles of individuals within such divisions and groups who would reasonably have custody of the records specifically described in [the FOIA Request]." Ex. C. The Clarification Response then (i) identified the relevant Arizona email domain for the written communications and (ii) provided additional information related to the potential custodians, as requested, including their titles and the names of individuals who currently hold such roles within the agency. *Id.* at 1-2.

18. The next day, on April 23, 2024, CMS responded with a formal acknowledgement that confirmed CMS received the FOIA Request on April 8, 2024 (the "Acknowledgement Letter"), attached hereto as **Exhibit D.** CMS assigned the FOIA Request a control number and PIN and confirmed agency receipt on April 8, 2024. *See* Ex. D. CMS stated that there were "unusual circumstances" that "may affect our ability to fulfill a FOIA request within 20 business days." *Id.* at 1.

19. As of the date of this Complaint, CMS has not made any determination with respect to Plaintiff's FOIA Request as required by FOIA, 5 U.S.C. § 552(a)(6)(B)(i), as applied to this district by *CREW*, 711 F.3d at 185-89. As of June 28, 2024, the "Check the Status of Your FOIA Request" page on the CMS FOIA Portal for the FOIA Request (attached hereto as **Exhibit E**) reflects that the status of the FOIA Request has not been determined and that the projected date of response is "undetermined":



20. Pursuant to 5 U.S.C. § 552(a)(6), inclusive of the standard 20 business days for a response, the 20 business day tolling period related to the Clarification Request, and the additional 10 business days for "unusual circumstances," Defendants were required to provide a final determination to the FOIA Request by June 17, 2024.

21. Plaintiff files this action to compel Defendants' compliance with the FOIA statute.

### PLAINTIFF'S CLAIMS FOR RELIEF

### FIRST CLAIM
**Declaratory Judgment – Duty to Provide Final Determination and Produce Records**

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

24. Plaintiff has a statutory right to receive a final determination from CMS as to its

FOIA request within the statutory timeframes. 5 U.S.C. § 552(a)(6)(B)(i).

25. Defendants violated FOIA by failing to make the required determinations in response to Plaintiff's FOIA Request within the timeframes Congress required through FOIA, and by failing to produce records in response to the FOIA Request.

26. Plaintiff is not required to further pursue administrative remedies.

27. Defendants' unlawful withholding of records to which Plaintiff is entitled harmed, and continues to harm, Plaintiff, which urgently requires the requested information related to the representation of its client.

28. Plaintiff will continue to be harmed unless Defendants are compelled to comply with the FOIA statute and produce the requested records.

29. Plaintiff therefore asks this Court to enter a judgment declaring that:

    a. Defendants' processing of Plaintiff's FOIA Request is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA;

    b. Defendants must immediately provide Plaintiff a written determination in compliance with 5 U.S.C. § 552(6)(A);

    c. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendants have failed to provide the records; and

    d. Defendants must produce records responsive to Plaintiff's FOIA Request at no cost to the Plaintiff.

## SECOND CLAIM
### Injunctive Relief – Production of Records

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

31. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B).

32. Plaintiff is entitled to injunctive relief compelling Defendants to produce records responsive to the FOIA Request.

7

33. Plaintiff asks this Court to enter an injunction ordering Defendants to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA Request, and any attachments thereto, at no cost to the Plaintiff.

## THIRD CLAIM
### Order for Costs and Fees Pursuant to 5 U.S.C. § 552(a)(4)(E)

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

35. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed" by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree," or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *See also Baker & Hostetler LLP v. U.S. Dep't of Com.*, 473 F.3d 312, 324 (D.C. Cir. 2006) (holding that complainant law firm is an organizational litigant statutorily eligible for costs and attorney's fees).

36. Plaintiff respectfully asks this Court to enter an order requiring Defendants to pay Plaintiff's reasonable attorneys' fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in their favor, and award Plaintiff the following relief:

1. Assume jurisdiction in this matter, and maintain jurisdiction over any disputes related to Defendants' response to Plaintiff's FOIA Request;

2. Declare Defendants have violated FOIA by failing to provide Plaintiff of its determination with respect to its FOIA Request within the statutory time limit;

3. Declare that the documents sought by the FOIA Request are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed;

4. Order Defendants to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to Plaintiff pursuant to 5 U.S.C. § 552(a)(4)(E);

5.      Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs; and

6.      Grant such other relief as this Court deems just and proper.

Respectfully submitted this 1st day of July, 2024.

Respectfully submitted,

*/s/ Catharine Luo*

Catharine Luo (D.C. Bar No. 1697958)
Callan J. Smith (D.C. Bar No. 1672196)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  catharine.luo@dentons.com
        callan.smith@dentons.com

*Attorneys for Plaintiff*